A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*
DEPUTY CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIPITOR (ATORVASTATIN CALCIUM)
MARKETING, SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION (NO. II)                                              MDL No. 2502

## TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in 81 actions move to vacate our orders conditionally transferring the actions to the District of South Carolina for inclusion in MDL No. 2502. Defendants Pfizer Inc. and McKesson Corporation oppose the motions. The actions, which are listed on the attached Schedule A, are pending in the Central District of California (76 actions), the Eastern District of California (one action), and the Northern District of California (four actions).

In their motions to vacate, plaintiffs principally argue that the actions were improperly removed from California state court. As we frequently have held, however, the pendency of jurisdictional objections is not, as a general matter, a sufficient reason to delay or deny transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

These actions all were removed on Class Action Fairness Act (CAFA) "mass action" grounds, as well as diversity grounds. CAFA prohibits transfer, under 28 U.S.C. § 1407, of an action removed on mass action grounds, absent a request by a majority of the plaintiffs therein.[1] We have held, however, that this prohibition is not an impediment to transfer where other grounds for federal jurisdiction also are asserted. *See In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 939 F. Supp. 2d 1376, 1381 (J.P.M.L. 2013). Plaintiffs suggest, however, that in such a situation (*i.e.*, one in which an action has been removed on CAFA mass action and other grounds), we should assess the reasonableness of those other grounds. We lack such authority, and thus reject this suggestion. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide . . . issues relating to a motion to remand").

Plaintiffs also suggest that we revisit our April 2013 *Darvocet* decision, questioning whether it was correctly decided. They argue that Congress must have intended to preclude Section 1407 transfer of any action removed on CAFA mass action grounds because (1) it excluded from the definition of a removable "mass action" state court cases in which the claims are "consolidated or

---

[1] *See* 28 U.S.C. § 1332(d)(11)(C)(i).

2:14-cv-02263-RMG     Date Filed 06/10/14     Entry Number 36     Page 2 of 6

2:14-mn-02502-RMG     Date Filed 06/06/14     Entry Number 185     Page 2 of 6
Case MDL No. 2502   Document 443   Filed 06/06/14   Page 2 of 6

-2-

coordinated solely for pretrial proceedings"[2]; (2) Section 1407(a) authorizes the Panel to transfer related federal actions only for "coordinated or consolidated pretrial proceedings"[3]; and (3) CAFA prohibits Section 1407 transfer of an action removed on CAFA mass action grounds, absent a request by a majority of the plaintiffs. We have reviewed our decision in *Darvocet* and believe that it represents the most reasonable interpretation of the involved statutes. Under CAFA, a state court action "in which the claims have been consolidated or coordinated solely for pretrial proceedings" is not a mass action to begin with. The fact that this exclusionary language is similar, but not identical, to the "coordinated or consolidated pretrial proceedings" language in Section 1407(a) is not persuasive.

Moreover, plaintiffs' arguments do not undermine our basic reasoning in *Darvocet*. As we explained in that decision, nothing in CAFA or its legislative history suggests that Congress "intended the mass action provision to render a case that otherwise would have been within the Panel's purview – *e.g.*, a case removed on diversity or federal question grounds – not transferrable merely because the defendant has cited the mass action provision as an additional ground in its notice of removal." *See* 939 F. Supp. 2d at 1380. Indeed, reading the provision in such a manner "would effect a partial repeal of the authority conferred by Section 1407 without any clear indication of legislative intent to do so." *Id*.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 2502, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the District of South Carolina was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from common allegations that taking Lipitor can cause women to develop type 2 diabetes." *See In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig*., — F. Supp. 2d —, 2014 WL 661589, at *2 (J.P.M.L. Feb. 18, 2014). Plaintiffs do not dispute that their actions share multiple factual issues with those already in the MDL.

---

[2]   *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

[3]   *See* 28 U.S.C. § 1407(a).

2:14-cv-02263-RMG     Date Filed 06/10/14     Entry Number 36     Page 3 of 6

2:14-mn-02502-RMG     Date Filed 06/06/14     Entry Number 185     Page 3 of 6
Case MDL No. 2502   Document 443   Filed 06/06/14   Page 3 of 6

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of South Carolina, and, with the consent of that court, assigned to the Honorable Richard M. Gergel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |
| Ellen Segal Huvelle | R. David Proctor |

2:14-cv-02263-RMG     Date Filed 06/10/14     Entry Number 36     Page 4 of 6

2:14-mn-02502-RMG     Date Filed 06/06/14     Entry Number 185     Page 4 of 6
Case MDL No. 2502     Document 443     Filed 06/06/14     Page 4 of 6

**IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II)**     MDL No. 2502

### SCHEDULE A

Central District of California

PAMELA MCKENZIE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01800
HETTIE BRADLEY, ET AL. v. PFIZER, INC., C.A. No. 2:14-01803
JUANA GARCIA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01804
BERNADETTE FERNANDEZ, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01806
SEGALILT SIEGEL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01807
BONNIE KESSNER, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01811
DEBERAH RIVINGTON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01814
PHYLLIS BEIMA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01815
NINA OBUCH, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01816
ALIDA ADAMYAN, ET AL. v. PFIZER, INC., C.A. No. 2:14-01818
MARIA CARBAJAL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01819
DOROTHY M. ANDRES, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01820
DONNA KRUENEGEL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01822
MATTIE KING, ET AL. v. PFIZER, INC., C.A. No. 2:14-01823
MARY STANTON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01827
ROSE A. WILLIAMS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01828
VICKY AVILA, ET AL. v. PFIZER, INC., C.A. No. 2:14-01829
MAIZY BENONS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01831
LINDA ROY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01832
BRENDA JOHNSON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01836
BLANCA MEJIA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01837
LORI ANN WEISMAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01841
SYLVIA ALVARDO v. PFIZER, INC., ET AL., C.A. No. 2:14-01843
LENA WHITAKER, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01844
MARTHA BOWSER v. PFIZER, INC., ET AL., C.A. No. 2:14-01846
PATRICIA LEWIS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01848
EMMA FRIELDS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01850
FIETTE WILLIAMS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01853
PALLAVI MEHTA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01854
THERESA MEDINA, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01857
DEBORAH MCCLAIN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01858
VALERIE DAVIS v. PFIZER, INC., ET AL., C.A. No. 2:14-01860
TONISHA POWELL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01861
ZURITA GRAY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01862
CLARA BAGDASARIAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01863
CLARA OWENS v. PFIZER, INC., ET AL., C.A. No. 2:14-01865

2:14-cv-02263-RMG    Date Filed 06/10/14   Entry Number 36    Page 5 of 6

2:14-mn-02502-RMG    Date Filed 06/06/14   Entry Number 185   Page 5 of 6
Case MDL No. 2502   Document 443   Filed 06/06/14   Page 5 of 6

- A2 -

**MDL No. 2502 Schedule A (Continued)**

 Central District of California (continued)

DELORIS ANN RICHARD, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01866
MAZAL AZZAM, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01867
IMELDA DIAZ, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01869
SHAHLA OWHADY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01872
OUIDA VALENTINE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01874
LORETTA CURLEY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01876
REGINA FEBERDINO, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01889
RUTH ENGLISH, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01892
CHERI LUBENKO v. PFIZER, INC., ET AL., C.A. No. 2:14-01894
JESSIE HILL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01895
DORIS CHOATE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01896
SUSAN KELLEY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01897
CHARLENE TATE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01898
MARY ADAMIAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01899
CANDACY ROBERTS-ANDERSON, ET AL. v. PFIZER, INC., ET AL.,
 C.A. No. 2:14-01904
LOUISE HARRIS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01906
SHIRLEY REYNOLDS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01907
JUANITA BANKS, ET AL. v. PFIZER, INC., C.A. No. 2:14-01908
RUBY HARE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01910
MARION CONSTANT v. PFIZER, INC., ET AL., C.A. No. 2:14-01911
JANICE S. ROBINSON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01912
JOY ZULLO, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01914
DONNA WILLIS v. PFIZER, INC., ET AL., C.A. No. 2:14-01916
FRANKIE BROWN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01921
JOCELYN CLEMENTE SALVO, ET AL. v. PFIZER, INC., ET AL.,
 C.A. No. 2:14-01924
GLADYS ANDERSON, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01925
DARLENE JORDAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01928
DEANN PIERCE v. PFIZER, INC., ET AL., C.A. No. 2:14-01929
DENELLE BAILEY, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01930
EDITH WAKABAYASHI v. PFIZER, INC., ET AL., C.A. No. 2:14-01931
MAYE ALBERSTONE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01932
ROSE HODGES v. PFIZER, INC., ET AL., C.A. No. 2:14-01936
MARILYN WILLIAMS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01937
LINDA FRANZONE, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01940
JOYCE LUBNIEWSKI v. PFIZER, INC., ET AL., C.A. No. 2:14-01942
TOMIE ISREL, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-01943
ELIZABETH ANN WATTS, ET AL. v. PFIZER, INC., ET AL.,
 C.A. No. 2:14-01997

- A3 -

**MDL No. 2502 Schedule A (Continued)**

    Central District of California (continued)

MONICA NEWMAN, ET AL. v. PFIZER, INC., ET AL., C.A. No. 2:14-02041
ALMA RICHARDS v. PFIZER, INC., ET AL., C.A. No. 5:14-00485
SHARON PARKER, ET AL. v. PFIZER, INC., ET AL., C.A. No. 5:14-00496

    Eastern District of California

ALANIS, ET AL. v. PFIZER, INC., ET AL., C.A. No. 1:14-00365

    Northern District of California

LITTLE, ET AL. v. PFIZER, INC., C.A. No. 3:14-01177
ROUDA v. PFIZER, INC., ET AL., C.A. No. 3:14-01195
PETERS v. PFIZER, INC., ET AL., C.A. No. 3:14-01196
KATHLEEN DAVIS v. PFIZER, INC., C.A. No. 3:14-01204